IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § | |
| Plaintiff, | § § | |
| v. | § § § | |
| ALAN TODD MAY and PROSPER OIL & GAS, INC. a/k/a PROSPER ENERGY, INC. | § § § § § § | Civil Action No.: No.: 3:10-CV-0425-L |
| Defendants. | § § | |

## PRELIMINARY INJUNCTION

This matter came on before me, the undersigned United States District Judge, this 15th day of March 2010, on application of Plaintiff Securities and Exchange Commission ("Commission") for issuance of a preliminary injunction and other equitable relief against Alan Todd May ("May") and Prosper Oil & Gas, Inc. a/k/a Prosper Energy, Inc. ("Prosper") (collectively "Defendants"). The Court finds, based upon papers filed by the Commission and a hearing, the following:

1. This Court has jurisdiction over the subject matter of this action and over the Defendants.

2. The Commission is a proper party to bring this action seeking the relief sought in its Complaint.

3. There is good cause to believe that the Defendants have engaged, are engaged, and will continue to engage, in acts and practices that constitute and will constitute violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder.

4. There is good cause to believe that Defendants will continue to engage in the acts and practices constituting the violations set forth above unless restrained and enjoined by an order of this Court.

5. There is good cause to believe that Defendants paid distributions to investors using newly raised investor funds and therefore engaged in a *Ponzi* scheme.

6. There is good cause to believe that Defendants used improper means to obtain investor funds and assets.

7. It is necessary to preserve and maintain the business records of Defendants from destruction, along with any other documents relating in any manner to the matters set forth in the Commission's Complaint.

**IT IS THEREFORE ORDERED**:

1. Defendants, their agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. §77q(a)], directly or indirectly, in the offer or sale of a security, by making use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A. to employ any device, scheme or artifice to defraud;

   B. to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

   C. to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any purchaser.

 2. Defendants, their agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from violating Section 10(b) of the Exchange Act and Rule 10b-5 [15 U.S.C. §78j(b) and 17 C.F. R. §240.10b-5], directly or indirectly, in connection with the purchase or sale of a security, by making use of any means or instrumentality of interstate commerce, of the mails or of any facility of any national securities exchange:

   A. to use or employ any manipulative or deceptive device or contrivance;

   B. to employ any device, scheme or artifice to defraud;

   C. to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

   D. to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

 3. Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from violating Sections 5(a) and 5(c) of the

Securities Act [Securities Act §§ 5(a) & 5(c) (15 U.S.C. § 77e)] by directly or indirectly, in the absence of any applicable exemption:

> A.  unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or
>
> B.  making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

4.  Defendants, their agents, servants employees, attorneys and other persons in active concert or participation with them, who receive actual notice of this order, by personal service or otherwise, are hereby restrained and enjoined from, directly or indirectly, making any payment or expenditure of funds belonging to or in the possession, custody or control of Defendants, or effecting any sale, gift, hypothecation or other disposition of any asset belonging to or in the possession, custody or control of Defendants, pending a showing to this Court that Defendants have sufficient funds or assets to satisfy all claims arising out of the violations alleged in the Commission's Complaint or the posting of a bond or surety sufficient to assure payment of any such claim.

5. All banks, savings and loan associations, savings banks, trust companies, broker-dealers, commodities dealers, investment companies, other financial or depository institutions and investment companies that hold one or more accounts in the name, on behalf or for the benefit of Defendants, are hereby restrained and enjoined from engaging in any transaction in securities (except liquidating transactions necessary to comply with a court order) or any disbursement of funds or securities pending further order of this Court.

6. To effectuate the provisions of Paragraph 5, the Commission may cause a copy of this Order to be served on any bank, trust company, broker-dealer, depository institution, entity, or individual either by United States mail or by facsimile as if such service were personal service, to restrain and enjoin any such institution, entity, or individual from disbursing assets, directly or indirectly, to or on behalf of Defendants, or either or them, or any companies or persons or entities under their control.

7. Defendants, their agents, servants, employees, attorneys and other persons in active concert or participation with them who receive actual notice of this order, by personal service or otherwise, are hereby restrained and enjoined from destroying, removing, mutilating, altering, concealing and/or disposing of, in any manner, any of their books and records or any documents relating in any manner to the matters set forth in the Commission's Complaint, or the books and records of any entities under their control.  This provision shall continue in full force and effect until further order by this Court and shall not expire.

8. The terms of this order shall remain in full force and effect until the Court has issued a ruling on the Commission's request for a permanent injunction.

Dated: March _____, 2010

                                                                            _____
                                                                            UNITED STATES DISTRICT JUDGE